**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
(MARSHALL DIVISION)**

| | |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, <br><br> Plaintiff, <br><br> v. <br><br> ONE PLUS TECHNOLOGY CO. LTD., <br><br> ONEPLUS TECHNOLOGY (SHENZHEN) CO. LTD., <br><br> AND <br><br> ONEPLUS MOBILE COMMUNICATIONS (GUANGDONG) CO., LTD. <br><br> Defendants. | C.A. No. 2:20-cv-00079-JRG <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Cellular Communications Equipment LLC ("CCE" or "Plaintiff") files this First Amended Complaint against Defendants One Plus Technology Co. Ltd. ("One Plus Technology"), OnePlus Technology (Shenzhen) Co. Ltd. ("OnePlus Technology Shenzhen"), and OnePlus Mobile Communications (Guangdong) Co., Ltd. ("OnePlus Mobile") (collectively, "Defendants" or "OnePlus") for infringement of U.S. Patent No. 7,218,923 ("the '923 patent" or "the patent-in-suit").

**THE PARTIES**

1. CCE is a Texas limited liability company with its principal place of business in Plano, Texas.

2. On information and belief, Defendant One Plus Technology is a corporation organized under the laws of China, having a principal place of business at 18F Tairan Building, Block C, Tairan 3 8th Road, Chegongmiao, Futian District, Shenzhen, Guangdong 518040, China. One Plus Technology can be served with process pursuant to the Texas Long Arm Statute. One Plus Technology may also be served with process in China pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. One Plus Technology does business in the State of Texas and in the Eastern District of Texas.

3. On information and belief, Defendant OnePlus Technology Shenzhen is a corporation organized under the laws of China, having a principal place of business at 18F Tairan Building, Block C, Tairan 3 8th Road, Chegongmiao, Futian District, Shenzhen, Guangdong 518040, China. OnePlus Technology Shenzhen can be served with process pursuant to the Texas Long Arm Statute. OnePlus Technology Shenzhen may also be served with process in China pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. OnePlus Technology Shenzhen does business in the State of Texas and in the Eastern District of Texas.

4. On information and belief, Defendant OnePlus Mobile is a corporation organized under the laws of China, having a principal place of business at No. 9B, Zone SE2, 2/F, ChangRong International Hardware & Machinery Plaza, Zhen'an Zhong Road, Wusha Community, Changan Town, Dongguan City, Guangdong Province, China. On information and belief, OnePlus Technology Shenzhen is owned by OnePlus Mobile. OnePlus Mobile can be served with process pursuant to the Texas Long Arm Statute. OnePlus Mobile may also be served with process in China pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents

in Civil or Commercial Matters. OnePlus Mobile does business in the State of Texas and in the Eastern District of Texas.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents separately, collectively, and/or vicariously through and/or in concert with their subsidiaries, intermediaries, and/or agents. For example, Defendants, separately and collectively, design, develop, manufacture, assemble and market smartphones that include the Android Messaging app and arranges for such phones to be offered for sale in this District.

8. This Court has personal jurisdiction over Defendants, directly or through intermediaries, including its wholly-owned subsidiaries, because it has committed acts within Texas giving rise to this action and/or has established minimum contacts with Texas such that personal jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

9. Further, the Court has personal jurisdiction over Defendants under Federal Rule of Civil Procedure 4(k)(2). This cause of action arises under federal law, Defendants are not subject

to general jurisdiction in any one state, and the exercise of jurisdiction is consistent with the United States Constitution.

10. On information and belief, Defendants have placed and continue to place infringing smartphones into the stream of commerce via an established distribution channel with the knowledge and/or intent that those products were sold and continue to be sold in the United States and Texas, including in this District.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c). Each Defendant is a foreign entity and may be sued in any judicial district under 28 U.S.C. § 1391(c)(3).

12. On information and belief, Defendants have significant ties to, and presence in, the State of Texas and the Eastern District of Texas, making venue in this judicial district both proper and convenient for this action.

## THE PATENT-IN-SUIT

13. The '923 patent is titled "Control of Terminal Applications in a Network Environment." The inventions claimed in the patent-in-suit generally relate to a new and novel approach to controlling the permissions of applications operating on a mobile device. And more particularly, the inventions relate to controlling the messaging permissions of such applications.

14. The '923 patent lawfully issued on May 15, 2007.

15. The named inventors on the patent-in-suit are Auvo Hartikainen, Kari Silfverberg, Markku Kontio, Kari Miettinen, Isaac De La Pena, Elina Aho, Arto Tiihonen, Arto Pussinen, and Juha P. Hartikainen.

16. Each asserted claim in the patent-in-suit is presumed valid.

17. Each asserted claim in the patent-in-suit is directed to patent eligible subject matter under 35 U.S.C. § 101.

18.     The specification of the patent-in-suit discloses shortcomings in the prior art and then explains, in detail, the technical way the inventions claimed in the patent-in-suit resolve or overcome those shortcomings. As the patent-in-suit explains, there is a desire for mobile devices to "provide an open development platform for application developers." '923 Patent, 1:32-33. While this open development platform offers tremendous benefits, it also opens the door to "the possibility of fraudulent applications." *Id.* at 1:38-39. Left unchecked, this could allow for malicious applications to behave contrary to the agreements made with the network operator or send premium SMS messages at the user's expense. *See id.* at 1:43-47. The '923 Patent recognized this drawback and introduced a solution to allow the mobile device to eliminate the possibility of misuse by a malicious application. *Id.* at 1:53-58.

## COUNT I
### (Infringement of U.S. Patent No. 7,218,923)

19.     Plaintiff incorporates paragraphs 1 through 18 herein by reference.

20.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

21.     Plaintiff is the owner of the '923 patent with all substantial rights to the '923 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement.

22.     The '923 patent is valid, enforceable and was duly issued in fully compliance with Title 35 of the United States Code.

### DIRECT INFRINGEMENT (35 U.S.C. §271(a))

23.     Defendants have, and continue to, infringe one or more claims of the '923 patent in this judicial district and elsewhere in Texas and the United States.

24.     On information and belief, Defendants have, and continue to, either by themselves or via an agent, infringe at least claim 1 of the '923 patent by, among other things, practicing the

method of claim 1 via at least its testing of the native Messaging application in its Android phones ("the Accused Products").

25. Attached hereto as Exhibit A, and incorporated herein by reference, is a claim chart detailing how the Accused Products infringe the '923 patent.

26. Defendants are liable for these infringements of the '923 patent pursuant to 35 U.S.C. § 271.

## INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. §271(b))

27. Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that Defendants have, and continue to, indirectly infringe one or more claims of the '923 patent by inducing direct infringement by end users of the Accused Products.

28. Defendants have had knowledge of the '923 patent since at least the service of this Complaint. Further, on information and belief, Defendants have had knowledge of the '923 patent since at least the filing of Plaintiff's Original Complaint in this matter.

29. On information and belief, despite having knowledge of the '923 patent, Defendants have specifically intended for persons who acquire and use the Accused Products, including Defendants' customers and end consumers, to acquire and/or use such devices in a way that infringes the '923 patent, including at least claim 1, and Defendants knew or should have known that its actions were inducing infringement.

30. Defendants instruct and encourages users to use the Accused Products in a manner that infringes the '923 patent. For example, Defendants' user guides for its phones provide end users detailed instructions on how to use the Android Messaging app in the Accused Products. In

addition, other publications from Defendants, such as their website, may include support articles with detailed instructions on how to use the Android Messaging app in the Accused Products.

31. Furthermore, Defendants have not provided any information or indication that it has implemented a design around or otherwise taken any remedial action with respect to the '923 patent. In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

32. Plaintiff has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff asks that the Court find in its favor and against Defendants and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of the '923 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendants;

b. Judgment that one or more claims of the '923 patent have been willfully infringed, either literally and/or under the doctrine of equivalents, by Defendants;

c. Judgment that Defendants account for and pay to Plaintiff all damages and costs incurred by Plaintiff because of Defendants' infringing activities and other conduct complained of herein, including an accounting for any sales or damages not presented at trial;

d. Judgment that Defendants account for and pay to Plaintiff a reasonable, ongoing, post judgment royalty because of Defendants' infringing activities, including continuing infringing activities, and other conduct complained of herein;

e.     That Plaintiff be granted pre-judgment and post judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

f.     Find this case exceptional under the provisions of 35 U.S.C. § 285 and award enhanced damages;

g.     Plaintiff seeks preliminary and permanent injunctions as a result of Defendants' infringement of the '923 patent. Plaintiff is likely to succeed in showing that Defendants infringe the '923 patent. Because of that infringement, Plaintiff has suffered an irreparable injury, and the remedies available at law, such as monetary damages, are inadequate to compensate for that injury. For example, if Plaintiff must enforce a judgment against Defendants in China, Plaintiff will face a historically challenging burden in persuading a Chinese court to enforce a judgment from a U.S. court, likely preventing Plaintiff from obtaining any monetary damages from Defendants. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted; and the public interest would not be disserved by a permanent or preliminary injunction; and

h.     That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: May 15, 2020                                                             Respectfully submitted,

By: */s/ Jeffrey R. Bragalone*
Jeffrey R. Bragalone (lead attorney)
Texas Bar No. 02855775
Jonathan H. Rastegar
Texas Bar No. 24064043
Jerry D. Tice II
Texas Bar No. 24093263

**BRAGALONE CONROY PC**
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
jbragalone@bcpc-law.com
jrastegar@bcpc-law.com
jtice@bcpc-law.com